DECISION
This matter comes before the Court on the motion of the petitioner to vacate an arbitration award pursuant to G.L. 1956 (1986 Reenactment) § 28-9-18 and on the application of the respondent to confirm the award according to the provisions of § 28-9-17. In his award of May 2, 1997 the arbitrator determined that the termination of Jeanne Riel (Riel) by the State Director of the Department of Corrections was not for just cause and ordered her to be reinstated as a Correctional Officer with back-pay and restored benefits except for a thirty-day period of suspension. Riel is represented by the respondent, which is a party to a collective bargaining agreement with the petitioner. On May 23, 1997 the State moved to vacate the award and to stay its implementation. On June 3, 1995 this Court granted the motion for a stay. On that same day the respondent filed its petition to confirm the award. Both sides have filed memoranda in support of their respective positions on the merits of this action.
For the most part the factual background of this matter is not in dispute. Riel was employed by the Department as a correctional officer in November 1990. At the time of her employment she disclosed in her application that she had been convicted of driving under the influence of alcohol. On October 12, 1994 Riel was arrested in Truro, Massachusetts for the misdemeanor offense of driving under the influence of alcohol. On July 10, 1995 she was convicted and sentenced to serve six months at the Longwood Treatment Center in Boston, Massachusetts.
The Department of Correction's Code of Ethics requires its employees to provide the administrator in charge of their work unit with a prompt written notification of an arrest by law enforcement authorities. The record is clear that Riel failed to give anyone in the Department any notice of her arrest on October 12, 1994 until some time in July 1995 after her conviction. There was substantial dispute before the arbitrator as to whether or not she promptly notified the Department of her conviction and the ensuing incarceration in the treatment facility. The arbitrator concluded that her failure to notify the Department as required by the Code was misconduct justifying discipline but was not just cause for termination. He imposed a thirty-day suspension for that misconduct.
The Code of Ethics also provides that conviction of a criminal offense is grounds for discipline. The arbitrator conceded that the Department "has a legitimate interest in insuring that its Correctional Officers do not engage in off duty conduct that is inconsistent with their ability to credibly control a population of inmates who have been arrested or convicted in connection with criminal activity." He ruled, however, that off-duty criminal activity, standing alone, does not provide a sufficient nexus between the employee's off-duty conduct and her ability to control the inmate population of the Adult Correctional Institution, or to work with her co-workers. The arbitrator felt he was required to consider the nature and severity of the criminal conduct and to weigh its impact on inmates and the correctional officer's co-workers. He concluded that Riel's criminal conviction and incarceration "was not sufficiently related to her performance as a Correctional Officer to justify her summary termination." He did conclude nevertheless that Riel "technically" breached the Department's Code forbidding employees from committing crimes while in the employ of the Department. In his analysis the arbitrator relied on a line of arbitration decisions which have held that off-duty criminal misconduct will justify termination of a correctional officer only if it bears a nexus to the employee's ability to perform the duties of a correctional officer.
The petitioner argues that the Supreme Court has trumped the arbitrator's contractual and statutory power to analyze the circumstances of the employee's criminal misconduct by the Opinion in State, Department of Mental Health, Retardation andHospitals v. Rhode Island Council 94, A.F.S.C.M.E., AFL-CIO,692 A.2d 318 (R.I. 1997). In that case the Court held that in cases such as this one "the critical question is: when does the determination of an otherwise arbitrable issue impermissibly infringe the statutory authority of the department and its director?" Id., at 323.
There is no need here to reiterate the statutory powers and duties and responsibilities to the public which devolve upon the director pursuant to § 42-56-10. See Vose v. Rhode IslandBrotherhood of Correctional Officers, 587 A.2d 913 (R.I. 1991). Nor can we overlook the extent of the deference which must be accorded to the director as he tries to execute those powers and duties in the public interest. See Laurie v. Senecal,666 A.2d 806, 809 (R.I. 1995).
In the light of those Opinions of our Supreme Court this Court is satisfied that it is the director who must answer to the sovereign people of this State for the security of the State's prison. The director cannot delegate that responsibility to the respondent nor to an arbitrator who is not answerable to the people. The director alone must decide whether or not convicted criminals, who have been incarcerated for their crimes, can serve as correctional officers. See Bunch v. Board of Review,690 A.2d 335, 337 (R.I. 1997). It is the director, not the respondent, and surely not the arbitrator who must answer under the statute for the consequences of a previously convicted and incarcerated officer filling a security post at the adult correctional institutions just as the director of mental health, retardation and hospitals must answer for the consequences arising from employees of that department who try to care for patients during a third consecutive work shift.
The petition to confirm the award is denied. The motion to vacate the award is granted. The award is vacated and set aside.
The petitioner will present a form of judgment for entry on reasonable notice to the respondent.